UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRINCESS DEBBIE ALAVA,

                          Plaintiff,

          -against-

SUPERINTENDENT AMY LAMANNA, et al,

                          Defendants.

1:20-CV-10276 (CM)

ORDER DIRECTING PRISONER
AUTHORIZATION

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, currently incarcerated in the Bedford Hills Correctional Facility, brings this

action *pro se*. To proceed with a civil action in this Court, a prisoner must either pay $400.00 in

fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request permission to proceed

without prepayment of fees, submit a signed *in form pauperis* ("IFP") application and a prisoner

authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the

Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments

deducted from the prisoner's prison trust fund account. *See* § 1915(b)(1). A prisoner seeking to

proceed in this Court without prepayment of fees must therefore also authorize the Court to

withdraw these payments from her prison trust fund account by filing a "prisoner authorization,"

which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1]

from the prisoner's prison trust fund account in installments and to send to this Court certified

copies of the prisoner's prison trust fund account statements for the past six months. *See*

§ 1915(a)(2), (b).

---

      [1] The $50.00 administrative fee for filing a federal civil action does not apply to persons
granted IFP status under 28 U.S.C. § 1915.

Plaintiff submitted an IFP application, but did not submit a prisoner authorization. Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or complete and submit the attached prisoner authorization. If Plaintiff submits the prisoner authorization, it should be labeled with docket number 1:20-CV-10276 (CM).[2]

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, this action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 8, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Plaintiff is cautioned that if a prisoner files a federal civil action or appeal that is dismissed as malicious, frivolous, or for failing to state a claim on which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless she is under imminent danger of serious physical injury, and must pay the relevant fees at the time of filing any new federal civil action.