UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PRINCESS DEBBIE ALAVA,

                              Plaintiff,

            -against-

SUPERINTENDENT AMY LAMANNA, et al.,

                              Defendants.

7:20-CV-10276 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

Plaintiff, currently incarcerated in the Bedford Hills Correctional Facility, brings this *pro se* action seeking damages and injunctive relief alleging that the defendants have violated her federal constitutional rights. By order dated January 25, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

The Court directs service on the defendants and directs them to comply with Local Civil Rule 33.2.

## DISCUSSION

**A.     Service on the defendants**

As Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and the complaint be served within 90 days of

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the defendants until the Court reviewed the complaint and ordered that summonses be issued for the defendants. The Court therefore extends the time to serve the defendants until 90 days after the date that summonses are issued. If the complaint is not served on the defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for the defendants. The Clerk of Court is further instructed to issue summonses for the defendants, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service of the complaint on the defendants. Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss this action if Plaintiff fails to do so.

**B.      Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the

date of service, the defendants must serve responses to those standard discovery requests. In their responses, the defendants must quote each request verbatim.[2]

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court also directs the Clerk of Court to (1) issue summonses for Superintendent Amy Lamanna, Correctional Officer Stein, Acting Commissioner Anthony J. Annucci, Captain Benny Thorpe, Lieutenant Seaman, Michael McKenna, Sergeant B. Ramirez, Sergeant Wiand, Deputy Superintendent Eileen Gonzalez-Russell, Deputy Superintendent L. Corrington, Correctional Officer Jon I. Antrobus, Correctional Officer J. Shallo, Captain Woodberry, Captain Paul Artuz, Deputy Superintendent Eileen Velez, Gina Lacasio-Artuz, Megan Sanders, Deputy Superintendent Eric Miller, and Nora Enright, (2) complete USM-285 forms with the service addresses for the defendants and (3) deliver all documents necessary to effect service on the defendants to the U.S. Marshals Service.

The Court further directs the defendants to comply with Local Civil Rule 33.2 within 120 days of the date of service.

---

[2] If Plaintiff would like copies of those discovery requests before receiving any responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 1, 2020
         White Plains, New York

_____
CATHY SEIBEL
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Superintendent Amy Lamanna
   Bedford Hills Correctional Facility
   247 Harris Road
   Bedford Hills, NY 10507-2400

2. Correctional Officer Stein
   Bedford Hills Correctional Facility
   247 Harris Road
   Bedford Hills, NY 10507-2400

3. Acting Commissioner Anthony J. Annucci
   New York State Department of Corrections and Community Supervision
   1220 Washington Avenue #2
   Albany, New York 12226

4. Captain Benny Thorpe
   Bedford Hills Correctional Facility
   247 Harris Road
   Bedford Hills, NY 10507-2400

5. Lieutenant Seaman
   Bedford Hills Correctional Facility
   247 Harris Road
   Bedford Hills, NY 10507-2400

6. Michael McKenna
   Bedford Hills Correctional Facility
   247 Harris Road
   Bedford Hills, NY 10507-2400

7. Sergeant B. Ramirez
   Bedford Hills Correctional Facility
   247 Harris Road
   Bedford Hills, NY 10507-2400

8. Sergeant Wiand
   Bedford Hills Correctional Facility
   247 Harris Road
   Bedford Hills, NY 10507-2400

9. Deputy Superintendent Eileen Gonzalez-Russell
   Bedford Hills Correctional Facility
   247 Harris Road
   Bedford Hills, NY 10507-2400

10. Deputy Superintendent L. Corrington
    Bedford Hills Correctional Facility
    247 Harris Road
    Bedford Hills, NY 10507-2400

11. Correctional Officer Jon I. Antrobus, Badge No. 42368
    Bedford Hills Correctional Facility
    247 Harris Road
    Bedford Hills, NY 10507-2400

12. Correctional Officer J. Shallo, Badge No. 37589
    Bedford Hills Correctional Facility
    247 Harris Road
    Bedford Hills, NY 10507-2400

13. Captain Woodberry
    Bedford Hills Correctional Facility
    247 Harris Road
    Bedford Hills, NY 10507-2400

14. Captain Paul Artuz
    Bedford Hills Correctional Facility
    247 Harris Road
    Bedford Hills, NY 10507-2400

15. Deputy Superintendent Eileen Velez
    Bedford Hills Correctional Facility
    247 Harris Road
    Bedford Hills, NY 10507-2400

16. Gina Lacasio-Artuz
    Head Unit Chief for OMH
    Bedford Hills Correctional Facility
    247 Harris Road
    Bedford Hills, NY 10507-2400

17. Megan Sanders
    TBU Coordinator OMH
    Bedford Hills Correctional Facility
    247 Harris Road
    Bedford Hills, NY 10507-2400

18. Deputy Superintendent Eric Miller
    Bedford Hills Correctional Facility
    247 Harris Road
    Bedford Hills, NY 10507-2400

19. Nora Enright
    New York State Board of Parole
    1220 Washington Avenue #2
    Albany, NY 12226