UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRINCESS DEBBIE ALAVA,<br><br>                              Plaintiff,<br><br>     -against-<br><br>SUPERINTENDENT AMY LAMANNA, et al.,<br><br>                              Defendants. | 7:20-CV-10276 (CS)<br><br>ORDER OF SERVICE |

CATHY SEIBEL, United States District Judge:

Plaintiff, currently incarcerated in the Bedford Hills Correctional Facility, brings this *pro se* action seeking damages and injunctive relief based on alleged violations of her federal constitutional rights. By order dated January 25, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees – that is, *in forma pauperis* ("IFP").[1]  With the Court's leave, she filed an Amended Complaint ("AC") on November 14, 2021.

The Court directs service on the newly named Defendants and directs all Defendants to comply with Local Civil Rule 33.2.

## DISCUSSION

**A.     Service on the defendants**

Eight of the Defendants named in the AC (Annucci, LaManna, Gonzalez-Russell, Artuz, Seamen, Velez, Ramirez and Locasico-Artuz) were named in the original Complaint, have already appeared through counsel, and do not need to be re-served.  But eight other Defendants (Daye, Rodriguez, Chin, Morellis, Smith, Ocano, Borres and Corbie) were not named in the original Complaint and need to be served.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

As Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the defendants until the Court reviewed the complaint and ordered that summonses be issued for the defendants. The Court therefore extends the time to serve the defendants until 90 days after the date that summonses are issued. If the complaint is not served on the defendants within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service of the complaint on the defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out U.S. Marshals Service Process Receipt and Return forms ("USM-285 forms") for Defendants Daye, Rodriguez, Chin, Morellis, Smith, Ocano, Borres and Corbie. The Clerk of Court is further instructed to issue summonses for those Defendants, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service of the complaint on those Defendants. Plaintiff must notify the

Court in writing if her address changes, and the Court may dismiss this action if Plaintiff fails to do so.

## B.     Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of the date of service, Defendants must serve responses to those standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff.

The Court also directs the Clerk of Court to (1) issue summonses for Deputy Superintendent Michael Daye, Sgt. Rodriguez, C.O. Chin, Dr. Morellis, C.O. Smith, Lt. Ocana, Sgt. Borres, and Sgt. Corbie; (2) complete USM-285 forms with the service addresses for those Defendants – all of whom share the service address of 247 Harris, P.O. Box 1000, Bedford Hills, NY 10507; and (3) deliver all documents necessary to effect service on those Defendants to the U.S. Marshals Service.

The Court further directs the defendants to comply with Local Civil Rule 33.2 within 120 days of the date of service.

---

[2] If Plaintiff would like copies of those discovery requests before receiving any responses and does not have access to the website, Plaintiff may request them from the court's Pro Se Intake Unit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 29, 2021
         White Plains, New York

_____
CATHY SEIBEL
United States District Judge